IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-03155-M

| | | |
|---|---|---|
| LESSELLE SPENCER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ALBEMARLE DISTRICT JAIL, | ) | |
| Defendant. | ) | |

On May 18, 2023, the court received a letter from Lesselle Spencer ("Spencer"), a pretrial detainee proceeding pro se, "seek[ing] help" and enclosing a copy of a letter to a state court describing his intention "to file a law suit or a 1983 suit against Albemarle District Jail[.]" [D.E. 1] 1; [D.E. 1-1] 2. The clerk construed the letter as a complaint, and on May 22, 2023, Magistrate Judge Jones directed Spencer to refile his complaint on the form prescribed for use in this district and to either pay the filing fee or file an application to proceed in forma pauperis [D.E. 3]. Judge Jones warned Spencer that failure to comply with the order may result in dismissal of his action, and sent him the forms needed to comply. See id. On June 8, 2023, Spencer sent in a trust fund statement [D.E. 5] but requested "to put this [case] on hold" while he waited for a response from the state court [D.E. 4], and the clerk gave Spencer until July 12, 2023, to file his complaint and in forma pauperis application [D.E. 6].

Dissatisfied with the result he received in state court, Spencer asks "to appeal this to the higher courts" and requests damages of $750,000. [D.E. 8]; see [D.E. 7]; [D.E. 8-1]. A federal lawsuit is not a mechanism for appealing an adverse state-court judgment. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); Johnson v. De Grandy, 512 U.S. 997,

1005–06 (1994); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 415–16 (1923); Thana v. Bd. of License Comm'rs for Charles Cty., 827 F.3d 314, 318–20 (4th Cir. 2016); Washington v. Wilmore, 407 F.3d 274, 279–80 (4th Cir. 2005). Moreover, Spencer still has not filed a complaint or an application to proceed in forma pauperis. Cf. Fed. R. Civ. P. 3, 8(a); 28 U.S.C. § 1915(b)(1). Litigants must comply with court orders. See Clack v. Rappahannock Reg'l Staff, 590 F. App'x 291, 291–92 (4th Cir. 2015) (per curiam) (unpublished); Ballard v. Carlson, 882 F.2d 93, 95–96 (4th Cir. 1989). Accordingly, the court DISMISSES the action WITHOUT PREJUDICE. The clerk shall close the case.

SO ORDERED this 24th day of July, 2023.

RICHARD E. MYERS II
Chief United States District Judge